(Sandusky County., O., Common Pleas.)
January Term, 1899.

CHARLES B. GREENE v. THE TRUSTEES OF YORK TOWNSHIP.

An agreement made by a railroad company through its chief engineer and signed by him for the company in order to settle a law suit, with the trustees of a township, that such trustees should have the right to remove gravel from a certain tract of railroad right of way land, and the use of such land for such purpose, is not a deed or lease required to be signed by the president of the company, under the seal of the company under sec. 3283, R. S., but is a mere contract in the nature of a license and as such is valid.

(Affirmed by the Circuit Court in 22 Ohio C. C. and by the Supreme Court without report, June 11, 1901, 45 W. L. B. 420.)

---

Hull, J.

This is heard on demurrer to amended answer. The action is one to quiet title. The petition is in the ordinary form and alleges that the defendants claim an estate or interest in the premises in question adverse to plaintiff's rights. The plaintiff acquires title through the Wheeling & Lake Erie Railway Co. The defendants say in their amended answer that they do claim an interest in the real estate in question; that they are trustees of York township and have charge and control of the public highways as such trustees, and that sometime before the commencement of this action, to-wit, April, 1892, they brought an action against the Wheeling & Lake Erie Railway Company to enjoin the railway company from interfering with the public highway and from taking gravel away from said highway, as they were threatening to do, and that while suit was pending and an injunction was in full force they entered into an agreement with the railroad company on the 7th of May, 1892, and this agreement is set forth in full in the amended answer and recites that the first party, that is the railway company, had already begun proceedings to condemn and appropriate a certain highway adjoining a gravel pit belonging to the railway company, situated in Sandusky county, and the contract refers to the action that had been commenced for an injunction for the purpose

'of enjoining the railroad company from interfering with the highway and that a temporary injunction had been secured from the court of common pleas of this county, and the agreement then recites that the parties have agreed in consideration of the promises and agreements of the second party, and in view of lessening the damages which might result in the taking of the highway, that the railway company is to give for the use of the public through the township trustees an acre of gravel lying in the north end of its gravel pit, and then this is described; there are a couple of triangles, and it is agreed that the public, through the trustees shall have access to this gravel pit and the railway company agrees to provide a temporary road or highway around the pit during the removal of the gravel and to leave the highway a certain distance in height etc., and the contract further recites that in consideration of the agreements as set forth, especially in consideration of the use of the public for the purpose therein named of the tract of land described, the said trustees agree to dissolve the injunction then resting against said company, and upon the fulfillment of the contract as set forth, to release the railway company from damages, and the stipulations and conditions of this agreement are to be full compensated for the damages to the public to said highway in the proceedings then pending in appropriation by said first party, so far as said second party is able to give them.

This contract is signed by the Wheeling & Lake Erie Railway Company by G. A. Wilson, who was chief engineer, and by the trustees, and duly acknowledged before a notary public. And the answer recites that after this agreement was made and by virtue of it the township trustees entered upon and took possession of this piece of ground on which the gravel was and were in actual possession of the same at the time and long before the plaintiff purchased the real estate in question and they allege the plaintiff had full knowledge of all these facts and circumstances at the time he purchased the property from the railway company.

The demurrer is urged on the ground that the contract is signed by the chief engineer of the railway company and not by the president as required by section 3283 of the Revised Statutes, which provides that such com-

pany may acquire by purchase or gift any lands in the vicinity of the line of the road, or through which the same passes, so far as may be deemed convenient or necessary by the company to secure the right of way, or such as may be granted to aid in the construction of the road, and hold or convey the same in such manner as the directors may prescribe; but all such conveyances acquired by gift, to said company, shall be null and void, unless said company complete said road on the right of way so conveyed within five years from the time of said conveyance; and all deeds and conveyances made by the company shall be signed by the president, under the seal of the company.

It is claimed by the plaintiff in this action that this contract is a lease and that therefore it should have been signed by the president under this statute and that this acknowledgement, signing and execution is void. It does not seem to me that this is a deed or lease. In my judgment it is a mere contract or rather in the nature of a license permitting the trustees to come upon these lands and take this gravel. The contract was really executed for the purpose of settling a law suit then pending between the railroad company and the trustees. The trustees had enjoined the railroad company from interfering with the highway and in order to get that case settled and the injunction dissolved, the parties entered into this contract, the railroad company agreeing that the public might take this gravel off a certain piece of ground. The paper was signed by the chief engineer of the railroad company. It does not appear whether authorized by the directors or not, and without allegation to the contrary it would probably be presumed that it was, but that need not be determined one. way or the other now, it is sufficient to say I do not think it is a paper that required the signature of the president or the seal to make it valid, it appears from the answer that the contract was accepted and the injunction was dissolved and the trustees went into the possession of this gravel or gravel pit and they were in possession at the time the railroad company conveyed this land to the plaintiff according to the allegations in the answer which will be taken as true on demurrer and the answer alleges that the plaintiff acquired title to this property when the public was in

possession of it and that he had actual notice of this arrangement and agreement.

I think this contract gave the public, through the trustees, certain rights in this piece of property; that the contract is not void and that the demurrer to the amended answer must therefore be overruled.

The plaintiff will be given until a week from next Saturday to reply to the amended answer; that will be February 18th, 1899.

B. A. Hayes, for plaintiff.

Jesse Vickery, for defendants.